No. .........
First Circuit.

---

## OVERTON v. BROWN, ET AL.

---

(January 28, 1926, Opinion and Decree.)

---

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Marriage—Par. 128.**

Where a woman, in good faith, marries a man who is married to another woman, her interest in the community property acquired by herself and husband will be recognized by the court.

2. **Louisiana Digest — Appeal — Par. 625, 630.**

The finding of the trial court that a payment on the purchase price of real estate was made with the separate funds of the erroneous is revealed.

Appeal from the Parish of LaFourche, Hon. R. B. Butler, Judge.

Action by Rossella Bank Overton against Ethel Overton Brown, et al.

There was judgment for plaintiff and defendant appealed.

Judgment amended and affirmed.

Caillouet and Caillouet of Thibodaux, attorneys for plaintiff, appellee.

Charles J. Mundy of Thibodaux, attorney for defendant, appellant.

LECHE, J. Nelson Overton lived with his wife, Lizzie Williams, in the parish of Pointe Coupee. About the year 1913 he abandoned his wife, left that parish and moved to the parish of Lafourche. There he met Rosella Banks, plaintiff in this suit, whom, in negro parlance, he took up with and with whom he lived at first in concubinage and later on as his wife until June 18, 1923, when he died. Rosella says they took up together the same year they met, 1913, and it is in evidence that they were married August 4, 1917. The marriage was regular, in due form and in good faith on the part of plaintiff, though Overton's wife, Lizzie Williams, was still alive and undivorced in the parish of Pointe Coupee.

On July 30th, 1920, they acquired a lot of ground in the town of Thibodaux from John F. McCulla. The act of sale is made in the name of Nelson Overton and Ophelia Banks, his wife. Ophelia Banks and Rosella Banks are the names of the same person, who is plaintiff herein. The act of sale says nothing as to the source whence came the money with which a cash payment of one hundred and sixty dollars was made and a note for three hundred and ninety dollars was made and signed jointly by the purchasers in representation of the balance of the purchase price of five hundred and fifty dollars.

On September 10, 1923, Ethel Overton

Brown and Margaret Overton, alleging themselves to be sole heirs of Nelson Overton, caused themselves to be put in possession of the property thus bought by Nelson Overton and Rosella Banks, and the present suit was filed by Rosella Banks September 22, 1923, to set aside the order putting Ethel and Margaret Overton, the defendants, in possession, to have herself recognized as widow in community, owner of one-half of said property in her own right and owner of the other half as widow in community.

Lizzie Williams, first and lawful wife of Overton, was subsequently made party defendant, and practically substituted as defendant in this suit.. Ethel Overton Brown and Margaret Overton, original defendants in this action, have virtually stepped out of this litigation for the benefit of their mother, Lizzie Williams.

The trial in the District Court resulted in a judgment recognizing the validity of the first marriage and also the validity of the second marriage in so far as concerns plaintiff, who is held to have acted in good faith, recognizing the legitimacy of Ethel and Margaret Overton, original defendants herein, as children of Lizzie Williams and Nelson Overton, but recognizing the property in suit as having been acquired during the second community and decreeing said property to belong in its entirety and in equal portions to the two surviving wives, Lizzie Williams and Rosella Banks.

The judgment of the District Court further recognized that plaintiff had contributed out of her separate funds the sum of one hundred and sixty dollars in the purchase of the property in suit, and ordered that she be paid this amount out of the community assets. It is not made clear whether this payment should be made out of the whole property or out of

the half decreed to belong to Lizzie Williams. However, under our view of the evidence in the case, that is of no importance, as will later appear.

Lizzie Williams alone has appealed from the judgment thus rendered, and her sole ground of complaint in this court is that the trial judge erred in recognizing Rosella Banks as entitled to a claim of one hundred and sixty dollars for having used her separate funds to that amount in buying the lot of ground in Thibodaux.

Plaintiff as a witness repeatedly claims that she paid McCulla two hundred and twenty dollars of her own money before the sale was passed. (Est., pp. 10 and 21.) She says that her husband and herself rented the lot of ground two or three months before the sale, but it is not shown when these payments were made. McCulla, a disinterested witness, whose testimony appears to be unimpeachable, says that he received in cash from plaintiff and her husband, in various amounts, one hundred and sixty dollars before the sale was passed, and it was when the small partial payments had reached this sum that he deeded the property to plaintiff and her husband. The act of sale shows a cash payment of one hundred and sixty dollars. McCulla further says that the money was brought to him by the two purchasers, who always accompanied one another on these occasions.

Again plaintiff says (Test., p. 27) she paid him the first time forty dollars and she thinks she paid him the next time ten dollars. She reiterates that statement (Test., p. 28) and then she thinks she paid him fifty dollars. Her testimony varies at different times. It is unsatisfactory and by no means convincing. She began to live with Overton in 1913, married him in 1917, and the property was bought in 1920. It is not stated in the act of purchase that

plaintiff used her own separate funds, and the legal presumption is that the purchase was made with community funds for the benefit of the community existing between plaintiff and Overton. When the sale was passed plaintiff and Overton had been married three years, they both had worked since they had begun living together, and the probability is that they only began to pay McCulla after they had rented the lot from him, a few months before the sale, and that the cash payments were made with funds earned by them after their marriage. Considered from any standpoint, we do not think the evidence sustains the claim of the plaintiff, and we believe that the award of one hundred and sixty dollars in her favor should be reversed and the judgment appealed from should be accordingly amended.

For these reasons it is ordered that the judgment appealed be amended by refusing the award of one hundred and sixty dollars in favor of plaintiff, and as thus amended that it be affirmed, plaintiff and appellant to pay costs of appeal.